LEWISVILLE LIGHT & WATER COMPANY *v.* LESTER.

Opinion delivered October 27, 1913.

1. CONTRACTS—FINDING OF THE JURY.—Where the sole issue in a cause is as to the existence of a contract between the parties, the verdict of the jury is conclusive as to their rights.  (Page 547.)

2. CONTRACTS—TERMS—EFFECT OF ACTION OF ONE PARTY.—Where defendant made a contract with the promoter of a light company to supply his lights at a certain figure below the customary rates, while the company had the right to terminate the contract and charge defendant the customary rates, if it failed to do so and accepted payments under the contract made by the promoter, they can not later sue defendant for the difference in the rates.  (Page 547.)

3. TRIAL—AMENDMENT TO ANSWER—CONTINUANCE.—Where, in a trial, defendant filed an amendment to his answer, and plaintiff's attorney "asked the court for permission to continue the case for the term," and saved an exception to the ruling of the court denying the request; *held*, since the record showed that plaintiff offered no reason for the continuance, it can not be said that the court abused its discretion in refusing to grant a continuance.  (Page 547.)

Appeal from Lafayette Circuit Court; *Jacob M. Carter*, Judge; affirmed.

*D. L. King*, for appellant.

1. An agent can bind his principal only to the extent of his authority. One who deals with an agent must ascertain what his authority is.  32 *Id.* 354; 92 Ark. 315, 535.

2. Miller had no authority to make the special rate.

*Searcy & Parks*, for appellee.

1. The contract of the general manager bound the company.  49 S. E. Rep. 621; 121 Ga. 555.

2. The contract was within the apparent authority of the manager, and bound the company. 152 S. W. 282.

McCULLOCH, C. J. This is an action at law instituted by the Lewisville Light & Water Company, a copartnership doing business under that name, composed of G. W. Dobson and A. T. Ward, to recover from the defendant, M. D. Lester, an amount claimed to be due for electric lights furnished during several years prior to the institution of the action.

The electric light plant in the town of Lewisville was originally owned by a corporation under the same name under which plaintiffs are now doing business, and it sold the plant and franchise to the plaintiffs.

The defendant was a citizen of the town, and ten lights were installed in his residence. The customary price for furnishing lights in residences was a flat rate of fifty cents per light, and ten lights were installed in defendant's residence, making his monthly bill the sum of $5, according to the customary rates. Defendant claims, however, that the manager of the concern, while being operated as a corporation, made a special contract with him to furnish the ten lights for $3 per month, and that monthly bills were furnished for that amount, which he always paid, and that no notice of any change was ever given until about the time this suit was instituted.

This action is to recover the additional amount of $2 per month, the amount sued for aggregating the sum of $194.25.

Plaintiff's testimony showed that the customary rate was fifty cents per light in residences; but defendant testified that one Miller, the manager of the plant, and what he terms the "promoter" of the corporation, made him a special rate of $3 per month at the time the ten lights were installed in his house, and that he paid that amount every month upon bills presented to him, and that he had never been notified of any change in the rate.

The court submitted the case to the jury upon the

sole issue of fact as to whether or not such a contract existed with reference to the price of the lights furnished, and the jury returned a verdict in the defendant's favor. We think that is the only issue in the case, and the verdict of the jury is conclusive as to the rights of the parties. The fact that plaintiffs, and its predecessor, in rendering monthly bills to defendant, only specified six lights does not alter defendant's liability according to the contract originally made with him by Miller. There is no evidence of collusion between defendant and Miller to cheat the latter's principals out of the customary price of lights. No evidence that the contract was not entered into fairly and in good faith.

There is no evidence that the rates had ever been fixed by any ordinance of the town, and there is no statute making a special contract of this kind unlawful. If the contract was entered into and its existence recognized by both parties by the payment and acceptance of the amount specified therein, then there is no right of action for the recovery of the difference between the customary rates and the rates stipulated in the special contract.

The plaintiffs undoubtedly had the right to terminate the contract and charge the defendant according to the customary rates, but they failed to do so, and, on the contrary, recognized the existence of the contract by furnishing bills for that amount and accepting the monthly payments.

The authority of Miller to make the special contract is challenged. But it was certainly within the apparent scope of his authority, for he was the manager, and had authority to fix rates. In any event, his act in fixing the rates was ratified by the acceptance of the specified amount from month to month.

It is contended that the court erred in refusing to postpone the trial when defendant filed an amendment to his answer. The record merely shows that when the amendment was filed, plaintiff's attorney "asked the court for permission to continue the case for the term,"

and that an exception was saved to the ruling of the court denying the request. No reason was, according to the recitals of the record, stated, and it can not be said that the court abused its discretion in refusing to postpone the trial until the next term.

No objection is pointed out to the instructions of the court, and the evidence is legally sufficient to support the judgment, so the same is affirmed.